## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:04-CR-0477 JCM (PAL) |
| Plaintiff, | |
| v. | Date:  **N/A** <br> Time:  **N/A** |
| JACQUAN LEE RICHARD, | |
| Defendants. | |

### ORDER

Presently before the court is the government's motion for reconsideration (#71) and the government's motion for clarification (#82).

On April 11, 2006, this court held a sentencing hearing and determined that defendant Jacquan Lee Richard's Nevada robbery conviction did not qualify as a predicate offense for purposes of the Armed Career Criminal Act. Consequently, this court imposed a 120 month prison sentence. The government then filed a motion for reconsideration (#71) urging this court to reconsider Richard's sentence. On April 21, 2006, the defendant filed a response arguing that this court lacks jurisdiction. While the motion for reconsideration was pending, the clerk of the court entered a signed written judgment of conviction (#79). The government now seeks clarification as to whether entry of judgment was inadvertent or whether it reflects a finding by this court that it lacked jurisdiction to adjudicate the pending motion.

Pursuant to 18 U.S.C. § 3582©, a court generally may not correct or modify a prison sentence

**James C. Mahan**
**U.S. District Judge**

1  once it has been imposed.  *See also United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th
2  Cir. 1999) (noting that district courts do not have "inherent authority" to reconsider sentencing
3  orders).  A district court may only correct a sentence "that resulted from arithmetical, technical, or
4  other clear error" within seven days after orally pronouncing it or else it loses its jurisdiction to
5  modify the sentence.  Fed. R. Crim. P. 35; *United States v. Aguirre*, 214 F.3d 1122, 1123 (9th Cir.
6  2000)(holding that Rule 35© applies from the time of oral imposition of the sentence); *see also*
7  *Barragan-Mendoza*, 174 F.3d at 1030 (holding that the district court lacked jurisdiction to correct
8  the sentence after the seven days lapsed and the initial sentence should stand).

9        This court pronounced sentence on April 11, 2006.  More than seven days have passed since
10 the pronouncement of sentence.  As a result, this court does not have jurisdiction to re-sentence Mr.
11 Richard.

12       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the government's motion
13 for reconsideration (#71) of Richard's sentencing be, and the same hereby is, DENIED.

14       IT IS FURTHER ORDERED that the government's motion for clarification (#82) be, and
15 the same hereby is, GRANTED.

16       IT IS FURTHER ORDERED that the judgment (#79) entered against Jacquan Lee Richard
17 remain in effect.

18       IT IS FURTHER ORDERED that the hearing scheduled for June 15, 2006 is hereby
19 VACATED.

20       DATED this 8th day of June, 2006.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**